# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CRIMINAL NO. 5:13-133-KKC** |
| Plaintiff, | |
| V. | **OPINION AND ORDER** |
| **DANIEL THOMAS MOODY,** | |
| Defendant. | |

\* \* \* \* \* \* \* \*

This matter is before the Court on several motions filed by defendant Daniel Thomas Moody in which he seeks to reduce his sentence under *Johnson v. United States*, 135 S.Ct. 2551 (2015). One of those motions is a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The Court referred that motion to a magistrate judge who filed a report recommending that Moody's motion be denied. Moody has not filed any objections to the magistrate judge's report. Further, the Court has reviewed the report and agrees with its analysis.

As the magistrate judge explains, *Johnson* dealt with a particular clause in the Armed Career Criminal Act (the "ACCA"). That statute increases the sentence for a defendant convicted of being a felon in possession of a firearm to a minimum of 15 years if the defendant has at least three convictions for a "serious drug offense" or a "violent felony." The problem addressed in *Johnson* was the Act's definition of "violent felony." The Court held that a particular clause in that definition – the so-called "residual clause" – was unconstitutionally vague. Thus, increasing a defendant's sentence under the ACCA's residual clause denied the defendant due process of law. *Id*. at 2557.

As the magistrate judge further explained, however, Moody was not sentenced under the ACCA. He was sentenced as a "career offender" under a particular section of the Sentencing Guidelines. *See* U.S.S.G. § 4B1.2(a)(2). The career-offender enhancement applies if the defendant was at least 18 when he committed the crime for which he is being sentenced, if that crime is felony that is either a crime of violence or a controlled-substance offense, and if the defendant has at least two prior felony convictions that are either a crime of violence or a controlled-substance offense.

The career-offender enhancement's definition of a "crime of violence" includes a residual clause that is identical to the residual clause contained in the ACCA. Nevertheless, the Supreme Court held in *Beckles v. United States*, 137 S.Ct. 886 (2017) that the guidelines cannot be held to be unconstitutionally vague. *Id.* at 893. This is because the Sentencing Guidelines do not fix a mandatory sentence like the ACCA but instead merely provide a guide to courts in sentencing. *Id.* Thus, pursuant to *Beckles*, the career-offender enhancement's residual clause is not unconstitutional.

Moreover, as the magistrate judge pointed out, Moody was not sentenced under the residual clause of the career-offender enhancement. Instead, he was sentenced as a career offender because he had prior convictions for robbery and burglary. At the time that Moody was sentenced, both of these crimes fit the definition of a "crime of violence" under the career-offender enhancement without any need to resort to the residual clause.

Moody has also filed a motion to reduce his sentence, again citing *Johnson*. For the reasons stated above, this motion must be denied. In addition, Moody has filed a motion to appoint counsel to challenge the constitutionality of the career-offender enhancement. Because in *Beckles* the Supreme Court resolved this issue, this motion must also be denied.

For all these reasons, the Court hereby ORDERS as follows:

1) The Court adopts the magistrate judge's recommended disposition (DE 104) as the Court's opinion;

2) For the reasons stated in the magistrate judge's report and recommendation and this opinion, Moody's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (DE 102) is DENIED;

3) Moody's motion to reduce his sentence (DE 100) and motion for appointment of counsel (DE 101) are DENIED; and

4) A certificate of appealability will not be issued, Moody having failed to show "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Dated June 5, 2017.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY